**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **FRANCISCO RIVERA-ALVARADO, <u>et al.</u>,**<br><br>**Plaintiff,**<br><br>v.<br><br>**FEDERAL DEPOSIT INSURANCE CORPORATION as Receiver of Doral Bank, <u>et al.</u>**<br><br>**Defendants.** | **CIVIL NO. 16-1612 (PAD)** |

**MEMORANDUM AND ORDER**

Delgado-Hernández, District Judge.

The Federal Deposit Insurance Corporation as Receiver of Doral Bank ("FDIC-R") and Banco Popular de Puerto Rico request that the case be dismissed for lack of subject matter jurisdiction and failure to state a claim (Docket Nos. 32 and 34). Plaintiffs oppose the request (Docket No. 39). The FDIC-R and Banco Popular replied (Docket Nos. 51 and 52), and plaintiffs sur replied (Docket No. 57). For the reasons explained below, the motions are granted and the case dismissed.

**I.   BACKGROUND**

On January 28, 2011, Doral Bank initiated a collection of monies and foreclosure action against Francisco Rivera-Alvarado, Monserrate Pabón Llantín and their conjugal partnership in the Ponce Part of the Puerto Rico Court of First Instance.[1] On February 27, 2015, the Office of the

---
[1] On February 12, 2016, Banco Popular substituted Doral Bank as plaintiff in the state case.

Commissioner of Financial Institutions of the Commonwealth of Puerto Rico closed Doral and appointed the FDIC as Doral's receiver (Docket No. 32, Exhibit 3).

On April 14, 2016, plaintiffs –defendants in the state case – filed a *pro se* complaint here against the FDIC, FDIC-R, Banco Popular, and two (2) unidentified parties, asking for a set-off against the amount that Doral had sought in state court (Docket No. 1). On September 21, 2016, Banco Popular requested that the case be dismissed or stayed (Docket No. 19). On October 26, 2016, plaintiffs filed an Amended Complaint through counsel against the FDIC-R, Banco Popular, EMC Mortgage Corporation and PRIME Mortgage Trust, seeking a declaratory judgment on who is the owner of the legal mortgage at issue. See, Amended Complaint at Docket No. 26 at ¶¶ 2.1-2.6.[2] On November 15, 2016, the FDIC-R and Banco Popular moved to dismiss under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure (Docket Nos. 32 and 34).

## II. STANDARD OF REVIEW

Rule 12(b)(1) authorizes motions to dismiss for lack of subject-matter jurisdiction. See, Fed. R. Civ. P. 12(b)(1)(providing for assertion of such defense by motion).[3] In evaluating a Rule 12(b)(1) motion, the court must credit plaintiff's well-pled factual allegations and draw all reasonable inferences in the plaintiff's favor. See, Merlonghi v. United States, 620 F.3d 50, 54 (1st Cir. 2010)(citing Valentin v. Hosp. Bella Vista, 254 F.3d 358, 363 (1st Cir. 2001). If it appears

---

[2] The Amended Complaint is silent as to the fact that on September 29, 2016, the state court entered summary judgment in favor of Banco Popular –who had substituted Doral Bank– and ordered plaintiffs to pay the principal amount of $473,863.64, plus interest at 6.50% from April 1, 2010 until its full payment, late charges, and $51,850.00 of costs and attorneys' fees (Docket No. 32-6 at p. 12 and Docket No. 43-3 at p. 5). As an officer of the court, plaintiffs' counsel is expected to be candid with the court and include complete and accurate information pertaining to the status of the case in state court, a case that was pending when the complaint was filed here.

[3] In addition to the jurisdictional issues, the movants raise res judicata, abstention and other arguments in support of dismissal. Because it is clear the case must be dismissed for lack of subject matter jurisdiction, the court need not discuss the FDIC-R's and Banco Popular's additional arguments.

to the court at any time that subject matter jurisdiction is lacking, it must dismiss the action. See, McCulloch v. Vélez, 364 F.3d 1, 5 (1st Cir. 2004)(so explaining) .

### III.　DISCUSSION

A.　Assertion of Claims

First, the FDIC-R challenges the court's jurisdiction, arguing no claims have been asserted by or against it (Docket No. 32 at p. 8).[4] Plaintiffs counter that, inasmuch as the FDIC-R is a party, the case is deemed to arise under the laws of the United States under 12 U.S.C. § 1819 (Docket No. 39). But that is not enough to confer jurisdiction in a case involving the FDIC. See, Village of Oakwood v. State Bank and Trust Co., 481 F.3d 364, 369 (6th Cir. 2007)(no federal jurisdiction where claims arise under state law, the FDIC did not assert claim(s) against any party, and no party asserted claim(s) against the FDIC).

With this in mind, plaintiffs seek a declaration on who owns the mortgage note (Docket No. 26 at ¶ 3.1 and Section IV).[5] Yet they have not asserted any claims against the FDIC-R. Moreover, they seem to admit the FDIC-R was never the owner of the note. When taken over by the FDIC-R, Doral Bank was not the owner of the note either. Id. at ¶ 3.2-3.6. And there are no claims by the FDIC-R.

B.　Mandatory Exhaustion

Second, the FDIC-R points out there is no jurisdiction because plaintiffs failed to exhaust the mandatory administrative claims process as to the new claim asserted in the Amended Complaint (Docket No. 32 at p. 8). The Financial Institutions Reform, Recovery, and Enforcement

---

[4] Banco Popular essentially echoes the FDIC-R's jurisdictional arguments.

[5] On September 30, 2003, Doral Bank granted plaintiffs a mortgage loan in the principal amount of $518,500.00, with interest at 6.5% annually (Docket No. 26 at ¶ 3.1).

Act of 1989 ("FIRREA") establishes a mandatory administrative claims process, which must be exhausted by every claimant seeking payment from the assets of the affected institution. See, Maldonado-Torres v. F.D.I.C. ex rel. R-G Premier Bank, 839 F.Supp.2d 511, 515 (D.P.R. 2012)(citing 12 U.S.C. § 1821(d)(13)(D)). The process, set forth in 12 U.S.C. §§ 1821(d)(3)-(13), requires that *all* claims be submitted to the FDIC by the date the receiver sets. See, Rodriguez v. F.D.I.C., 2011 WL 4529929, *3 (D.P.R. September 27, 2011)(describing process). Compliance with and exhaustion of the administrative procedure is mandatory. See, Marquis v. F.D.I.C., 965 F.2d 1148, 1151 (1st Cir. 1992)(so stating).

On May 14, 2015, the FDIC sent plaintiffs a "Notice to Discovered Claimant to Present Proof of Claim" (Docket No. 32, Exh. 3). The notice informed that the FDIC had established June 4, 2015, as the Claims Bar Date; included instructions on how to complete the Proof of Claim Form; stated that *any claim* must be filed before the Claims Bar Date; provided the address to which the document should be sent; and forewarned that failure to file any such claim before the Claims Bar Date would result in the final disallowance of the claim. Id.

On June 3, 2015, plaintiffs submitted a proof of claim requesting the same amount claimed by Doral as owed (Docket No. 32, Exh. 4). That is, to set-off the amount claimed by Doral Bank in state court. And they questioned Doral's pretention to be the owner of the loan and holder of the note, its status as creditor, its title to the note, and its standing to bring suit before the court.[6]

---

[6] This general claim, was supported by an "Appendix II, item 3 of Allegations on Page 2 (labeled page 5 upper right side)" (Docket No. 32-4) which was a copy of plaintiffs' answer to the complaint filed in state court questioning Doral Bank's standing to initiate the mortgage foreclosure action, as *servicer* of plaintiffs' mortgage note. This question had been answered by the state court, and affirmed by the Puerto Rico's Court of Appeals in Doral Bank v. Rivera-Alvarado, 2013 WL 4049731 (P.R. Ct.App. June 19, 2013) after concluding that the agreement between the holder of the note and Doral – as the servicer – granted ample powers upon Doral, including the power to initiate mortgage foreclosure actions in delinquent cases (Docket No. 43-2).

Id. As such, they claimed that the mortgage loan and note were null and void since inception. Id. at question no. 5.

On February 5, 2016, the FDIC-R disallowed plaintiffs' claim and notified them they had the right to file suit within 60 days after the date of the notice (Docket No. 32, Exh. 5). This action ensued. However, on October 11, 2016, plaintiffs filed the Amended Complaint requesting a *different* relief than the one asked for in both the administrative proceeding and the original *pro se* complaint. Given that plaintiffs failed to exhaust the administrative procedure set in 12 U.S.C. § 1821 as to the claim now before the court, the court lacks subject-matter jurisdiction over the FDIC-R. See, Simon v. F.D.I.C., 48 F.3d 53, 56 (1st Cir. 1995)(holding that § 1821(d)(13)(D)(i) bars all claims against the assets of a failed financial institution which have not been presented under the administrative claims review process).

  C. Supplemental Jurisdiction

Finally, the absence of subject matter jurisdiction over the FDIC-R leads to dismissal of the entire case. FIRREA does not indicate "what happens to the court's jurisdiction when the FDIC is no longer a party to the case either when it has been substituted by a successor in interest, or because it has been dismissed from the action altogether, and this ambiguity has engendered a difference of opinion in the federal courts." Roosevelt Cayman Asset Company v. Rivera-Molina, 2016 WL 3920172, *1 (D.P.R. July 18, 2016). The circuits that have addressed this question disagree as to "the kind of subject matter jurisdiction the district courts retain." Id. (citing Destfino v. Reiswig, 630 F.3d 952, 958 (9th Cir. 2011)). Some circuits have held that "the entire suit remains within the district court's original jurisdiction," see, Lindley v. F.D.I.C., 733 F.3d 1043, 1057 (11th Cir. 2013); Casey v. F.D.I.C., 583 F.3d 586, 591 (8th Cir. 2009); Adair v. Lease Partners, Inc., 587 F.3d 238, 243 (5th Cir. 2009), while at least one circuit has stated that if the

claim is within the district court's original jurisdiction, then it has no authority to remand, while it has discretion to remand if the claim falls within its supplemental jurisdiction. See, New Rock Asset Partners, L.P. v. Preferred Entity Advancements, Inc., 101 F.3d 1492, 1501 (3rd Cir. 1996). But see, Scotiabank of Puerto Rico v. Sánchez-Castro, 227 F.Supp.3d 188 n.1 (D.P.R. 2017)(noting that once the failed bank's asset transfer was completed, the FDIC was removed as a receiver, which rendered Section 1819's jurisdiction unavailable as it "no longer bestows upon the federal courts original jurisdiction over those cases").

The First Circuit has yet to address this jurisdictional question. Nevertheless, plaintiffs have not proffered any reason as to why the court should retain jurisdiction once the FDIC-R is removed as a party. Even though they invoke 28 U.S.C. § 1367(a) in their Amended Complaint with respect to their claims against the other parties, considering the procedural background and related developments, the court declines to exercise supplemental jurisdiction.[7]

### IV.   CONCLUSION

For the reasons explained above, the motions to dismiss at Docket Nos. 32 and 34 are granted and the Amended Complaint dismissed.

Judgment shall be entered accordingly.

**SO ORDERED.**

In San Juan, Puerto Rico, this 29th day of August, 2017.

s/Pedro A. Delgado-Hernández
PEDRO A. DELGADO-HERNÁNDEZ
United States District Judge

---

[7] Importantly, the state court already entered judgment in favor of Banco Popular, holding that plaintiffs defaulted on their obligations, and as the note holder, Banco Popular has the necessary standing to bring the lawsuit for collection and foreclosure.